IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JACQUELINE HINES, o/b/o MICHAEL LIVINGSTON, | : |
| Plaintiff, | : NO. 5:03-CV-382 (MTT) |
| VS. | : |
| MICHAEL J. ASTRUE, | : SOCIAL SECURITY APPEAL |
| Defendant. | : |

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Jacqueline Hines' application for child supplemental security income benefits filed on behalf of the Claimant, her son Michael Livingston. Because the Commissioner did not properly consider the impact of a "structured setting" upon Claimant's ability to function as required by 20 C.F.R. § 416.924a(b)(5)(iv)(C), **IT IS RECOMMENDED** that this action be **REMANDED** for further administrative proceedings.

PROCEDURAL HISTORY

Plaintiff, Claimant's mother, applied for Child's Supplemental Security Income (SSI) on Claimant's behalf on June 28, 2000. After Claimant's application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge (ALJ). Thereafter, the ALJ issued a decision denying Claimant's application. The Appeals Council denied Plaintiff's subsequent request for review. On October 14, 2003, Plaintiff filed the instant action. On July 13, 2004, due to his inability to produce a complete administrative record, the Commissioner filed a motion to remand under sentence six of 42 U.S.C. § 405(g). The Commissioner's motion to remand was granted on August 25, 2004.

On remand, the Appeals Council vacated the ALJ's decision and remanded the case for further proceedings on February 20, 2007. As a result, a second hearing before an ALJ was held on May 22, 2007. On September 27, 2007, a decision finding Claimant not disabled was again issued. A motion to reopen Claimant's case was filed in this Court on August 1, 2008 and was granted on August 4, 2008. Doc. 16 and Doc. 18.

## LEGAL STANDARDS

The Court's role in reviewing claims brought under the Social Security Act is narrow in scope. Review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. Walker v. Bowen, 826 F.2d 996 (11th6 Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

The Commissioner's findings of fact are entitled to deference. The Court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Credibility determinations are left to the Commissioner and not to the courts. Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). See also Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986). The Court must scrutinize the entire administrative record (AR) to determine the reasonableness of the Commissioner's factual findings. Bloodsworth, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if it is supported by substantial evidence. Id.

The Commissioner's findings of law are granted less deference. On judicial review, courts must determine whether the Commissioner applied the proper standards in reaching a decision.

Harrell v. Harris, 610 F.2d 355, 359 (5th Cir. 1980). Courts must therefore consider any questions of law *de novo*, and "no . . . presumption of validity attaches to the [Commissioner's] conclusions of law, including determination of the proper standards to be applied in reviewing claims." Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982). "Failure to apply the correct legal standards or to provide the reviewing court with the sufficient basis to determine that the correct legal principles have been followed is grounds for reversal." Id.

The initial burden of establishing disability falls upon the claimant. Kirkland v. Weinberger, 480 F.2d 46 (5th Cir. 1973). In cases where a child claimant is seeking entitlement to Title XVI benefits, the following definition of disability applies:

> An individual under the age of 18 shall be considered disabled for the purposes of this sub chapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C.A. § 1382c(a)(3)(C)(i)(2000).

In accordance with the above, a child's eligibility for benefits depends upon the presence of "marked and severe functional limitations." See Welfare Reform Act, Title II, Subtitle B, §211(a)(4)(1996). In determining if the child has the requisite marked and severe functional limitations, the Commissioner employs a three step sequential evaluation process. 20 C.F.R. § 416.924 et seq. Step one of this process requires a determination of whether the child is engaged in substantial gainful activity. If so, then the claim is denied. Step two requires a determination of whether or not the child has a medically determinable severe impairment. If not, the claim is denied. The third and final step of the sequential evaluation process requires a determination of whether or not the child's impairment(s) meets, medically equals, or functionally equals one of the listings.

DISCUSSION

At step one of the sequential evaluation process, the ALJ determined that Claimant, an adolescent, has not engaged in any substantial gainful activity at any time relevant to the decision. AR276. At step two of the sequential evaluation process, the ALJ determined that Claimant suffers from the severe impairments of Attention Deficit Hyperactivity Disorder, Bipolar Disorder, Intermittent Explosive Disorder, Conduct Disorder, and Decreased vision in the left eye. AR276.

In view of his findings at steps one and two, the ALJ proceeded to the step three evaluation of whether Claimant's impairments, alone or in combination, met, medically equaled, or functionally equaled any impairment listed in Appendix 1 to Subpart P of Part 404 of Chapter 20 of the Code of Federal Regulations (20 C.F.R. § 416.924, 416.925, 416.926). AR279. After concluding that Claimant's impairments did not meet or medically equal any listed impairment (AR279), the ALJ proceeded to determine whether Claimant's impairments were the "functional equivalent" of any of the listed impairments.

In evaluating functional equivalence, the Commissioner must consider the child's ability to function in each of six domains. These domains include: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). If the child has "marked" limitations in at least two domains, or an "extreme" limitation in any one domain, the child's impairment is considered the functional equivalent of the impairments listed in the Federal Regulations. 20 C.F.R. § 416.926a(a). A limitation is "marked" when the child's impairment or impairments seriously interfere with his ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation is one that causes very serious interference with the child's ability to independently initiate, sustain or complete activities. Id. § 416.926a(e)(3)(I).

The ALJ determined that Claimant had less than marked limitation in the domain of acquiring and using information and a marked limitation in the domain of interacting and relating with others. Based upon these findings, the ALJ found Claimant not disabled.

In making his decision, however, the ALJ failed to consider Claimant's need for a structured setting and the degree of limitation in functioning that Claimant would have outside such a structured setting. Where a structured or supportive setting is shown to minimize signs and symptoms of impairment or to improve a child's functioning, the Regulations require the Commissioner to consider how the child would function in other settings and whether the child would continue to function at an adequate level without the structured setting. 20 C.F.R. § 416.924a(b)(5)(iv)(C).

The record indicates that Claimant was in structured settings almost constantly during the period under review. At the age of nine, following a history of aggressive behavior that included a physical attack on a teacher's aide, Claimant was referred to a school psychologist for evaluation. The psychologist concluded that Claimant had "significant difficulties in the areas of hyperactivity, aggression, conduct problems, depression, atypicality and adaptability." AR 66. As a result of these difficulties, Claimant was found to be "in need of close supervision and much instruction in the emotional and behavioral area." Id. Consequently, Claimant was placed in an intensive special education program that included twenty hours of regular class time each week, and twenty hours of special education classes for emotional and behavior disorders. Soon afterward, Claimant was expelled from the Hancock County School System and referred to special education at the Learning Center in Baldwin County. Claimant was admitted to Central State Hospital on two occasions in 2000 and 2001. There are indications that Claimant may have been incarcerated in a Youth Development Center on four occasions between March 2000 and November 2001. After his release

from YDC in November 2001, Claimant was referred to an outdoor therapeutic program, where he remained from January to May 2002.

Despite Claimant's record of almost continuous placement in highly structured settings during the period under review, the ALJ's report does not consider how Claimant would function outside a structured setting. The ALJ simply observed in passing that Claimant "has been responsive to structured programs, with no academic problems, followed by declines when he goes home." AR 281. The report's lack of adequate consideration or analysis of Claimant's need for a structured setting indicates that the ALJ failed to apply the proper standards of law as prescribed in the Regulations.

## CONCLUSION

Accordingly, **IT IS RECOMMENDED** that this case be **REMANDED** to the Commissioner for further administrative action, pursuant to sentence four of 42 U.S.C. §405(g). Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 19th day of April, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge